**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORTH SHORE MARINE TERMINAL
AND LOGISTICS, INC.,

Plaintiff,

v. Case No.: 3:25-cv-944-WWB-SJH

LOCKHEED MARTIN CORPORATION
and UNITED STATES DEPARTMENT
OF THE NAVY,

Defendants.
___________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant Lockheed Martin Corporation's ("**Lockheed**") Motion to Dismiss Amended Complaint (Doc. 88), Plaintiff's Opposition (Doc. 96), and Lockheed's Reply (Doc. 101). For the reasons set forth herein, Lockheed's Motion will be granted.

## I. BACKGROUND

Plaintiff owns and operates a marine dock and terminal in Escanaba, Michigan. (Doc. 5, ¶ 4). Lockheed, a defense contractor who manufactures littoral combat ships for co-Defendant United States Department of the Navy ("**Navy**"), entered into an agreement to use Plaintiff's facilities for berthing and support services during sea trials. (*Id.* ¶¶ 5–6, 10–11). Thereafter, Plaintiff and Lockheed agreed that a particular vessel—the USS *Minneapolis-Saint Paul* (LCS 21)—would utilize diesel engines, rather than gas turbine engines, when it approached and departed from Plaintiff's dock during sea trials. (*Id.* ¶¶ 11–12). Plaintiff ensured that "the master" of the *Minneapolis*, who was "an officer or

other[] employe[e]" of the Navy, understood the same limitation.[1] (*Id.* ¶ 33; *see also id.* ¶ 13).

Nevertheless, the Master employed gas turbine engines while approaching and departing from Plaintiff's facilities, causing physical and environmental damage thereto. (*Id.* ¶¶ 14–15). The *Minneapolis* also backed into Plaintiff's seawall three times, causing additional damage. (*Id.* ¶ 16). As a result, Plaintiff alleges negligence (Count I) and breach of contract (Count II) against Lockheed and seeks damages from the Navy under the Public Vessels Act and the Admiralty Extension Act.[2] (*See generally id.*). Lockheed moves to dismiss the claims brought against it for lack of personal jurisdiction and failure to state a claim. (*See generally* Doc. 88). Before the Court addresses whether personal jurisdiction exists under Florida's long-arm statute, it first determines whether the Amended Complaint states a valid claim for relief against Lockheed. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 808 & n.9 (11th Cir. 2010).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In

[1] The Court will refer to the USS *Minneapolis-Saint Paul* as the "*Minneapolis*" and to her master as the "Master."

[2] Suits brought under the Public Vessels Act "shall be brought in the district court of the United States for the district in which the vessel [] is found within the United States." 46 U.S.C. § 31104(a). Plaintiff initiated this action in the Western District of Michigan. (Doc. 1 at 1). After being served, the Navy moved to dismiss for improper venue, as the *Minneapolis* was then located in Mayport, Florida. (*See* generally Doc. 25). The case was then transferred to this Court in its entirety. (Doc. 55 at 2).

determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Lockheed argues that Counts I and II are governed by New Jersey law pursuant to a valid contractual choice-of-law provision.[3] (Doc. 88 at 16 n.7). Plaintiff fails to address the argument and cites to cases from the Eleventh Circuit and the Middle District of Florida as authority in support of its Opposition. The parties' contract provides that the contract itself "and any matter arising out of or related to [it] shall be governed by the laws of the State from which" it was "issued." (Doc. 88-4 at 2; *see also* Doc. 88-2 at 4–5

[3] Lockheed provides the parties' governing contract documents as attachments to its Motion to Dismiss. Plaintiff disputes neither the authenticity of the documents, nor their centrality to its claims, nor the Court's ability to consider them without converting Lockheed's Motion to Dismiss into a motion for summary judgment. The Court agrees that it may properly consider the documents. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The Court will refer to the documents collectively as the "contract."

(incorporating Doc. 88-4); Doc. 88-3 at 5, 8 (same)). Lockheed issued the contract from New Jersey. (Doc. 88-4 at 2; Doc. 88-3 at 2). New Jersey law therefore applies to contract claims as well as related tort claims. *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1162–63 (11th Cir. 2009); *see also Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1353–54 (11th Cir. 2022) (holding that choice-of-law provisions apply in admiralty).

The Court begins with Plaintiff's claim for breach of contract. To state a valid claim, Plaintiff must allege "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020) (quotation omitted). Here, Plaintiff alleges that at an unspecified time prior to Lockheed's alleged breach, "Lockheed agreed that gas turbine engines would not be used during berthing maneuvers." (Doc. 5, ¶ 27). Lockheed argues that the parties' written contract does not contain any terms relating to the use of gas turbines. Plaintiff does not dispute that the parties' written contract is silent as to such terms. Rather, Plaintiff appears to argue that under the *Twombly*/*Iqbal* pleading standard, it has sufficiently alleged that the terms exist. The parties' contract contains a merger clause and prohibits oral modifications. (Doc. 88-4 at 2). "Under New Jersey law, if there is a 'common intent to make the particular writing the exclusive memorial of the parties' contractual undertakings . . . the writing [is] indisputable as regards the terms of the contract." *Vanguard Telecomms., Inc. v. S. New England Tel. Co.*, 900 F.2d 645, 650 (3d Cir. 1990) (quoting *Marcus & Co. v. K.L.G. Baking Co.*, 3 A.2d 627, 630 (N.J. 1939)). Because Plaintiff cannot plead new or

additional terms into the contract, *see generally Naumberg v. Young*, 44 N.J.L. 331 (N.J. 1882), Plaintiff fails to plausibly allege that Lockheed failed to perform any obligations arising thereunder. Count II will be dismissed.

To state a claim for negligence, Plaintiff must allege that Lockheed owed it a duty of care, that Lockheed breached its duty, and that the breach proximately caused Plaintiff damages. *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014). Here, Plaintiff alleges that Lockheed had a duty to ensure that the Master refrained from utilizing gas turbine engines while berthing at Plaintiff's dock. Lockheed argues that it cannot be held liable for the alleged actions of the Master, and that Plaintiff's claim is impermissibly based on alleged contractual duties. Citing to two unpublished cases from the Eleventh Circuit, Plaintiff argues first that Florida law recognizes a duty to protect against third-party torts if the defendant controls the tortfeasor or his instrumentality, and second, that Lockheed owed it an independent common-law duty to carefully discharge its contractual duties.

On the first point, no allegations suggest that the Master or the *Minneapolis* was controlled by Lockheed at the time of the alleged tort. Quite the opposite—Plaintiff alleges that the Master "was an officer or otherwise employed by" the Navy. (Doc. 5, ¶ 33). Plaintiff therefore cannot establish that Lockheed was vicariously liable for the Master's actions, as vicarious liability requires the "plaintiff [to show] an employment relationship and that the alleged tort occurred in the scope of that employment." *Moschella v. Hackensack Meridian Jersey Shore Univ. Med. Ctr.*, 317 A.3d 494, 503–04 (N.J. 2024). On the second point, as discussed above, Plaintiff fails to plausibly allege that Lockheed had any contractual duties relating to engine use. If Plaintiff had made such allegations, its relief would run through the contract unless it could identify an "independent duty

imposed by [New Jersey] law," which it fails to do here. *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (N.J. 2002). Moreover, in New Jersey, as in most jurisdictions, tort liability is generally dependent upon the defendant's personal fault. *Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003). Without pleading facts that show some sort of relationship between Lockheed and the Master, or that suggest that Lockheed created a risk of harm to Plaintiff's facilities, Lockheed remains an innocent third-party bystander with no duty of care owed to Plaintiff. *See Mya H. v. Athena Bitcoin ATM*, No. 23-21905, 2024 WL 1929911, at *6 (D.N.J. May 2, 2024) (collecting cases). Plaintiff thus fails to state a claim for negligence. Count I will also be dismissed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Lockheed's Motion to Dismiss Amended Complaint (Doc. 88) is **GRANTED** and that Counts I and II of the Amended Complaint (Doc. 5) are **DISMISSED without prejudice**. The Clerk is directed to terminate Lockheed Martin Corporation as a party in this action and to amend the case style accordingly.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record